Case: 15-1676

# UNITED STATES COURT OF APPEALS

# FOR THE FEDERAL CIRCUIT

_____

ANDRE WALKER,

*Plaintiff-Appellant*,

v.

HEALTH INTERNATIONAL CORPORATION, a Florida Corporation, HSN INC., a Delaware Corporation, HSN INTERACTIVE LLC, a Delaware Corporation,

*Defendants-Appellees*.

_____

**Appeal from the United States District Court for the District of Colorado in Case No. 12-cv-3256, Judge William J. Martinez**
_____

**APPELLEES HEALTH INTERNATIONAL CORPORATION, HSN, INC., and HSN INTERACTIVE, LLC SUR-REPLY**
_____

**BURR & FORMAN LLP**
Ryan M. Corbett, Esq.
201 N. Franklin Street, Suite 3200
Tampa, FL  33602
Telephone:  813- 221-2626
Facsimile:  813-221-7335
Email:      rcorbett@burr.com
*Counsel for Defendants-Appellees Health International Corporation, HSN, Inc., and HSN Interactive LLC*

Appellees Health International Corporation, HSN, Inc., and HSN Interactive, LLC ("Appellees"), by counsel, submit this sur-reply in response to Appellant Andre Walker's ("Appellant") Corrected Reply Brief [Doc. 30] (the "Reply").

### A.  Appellant's Due Process Rights Have Not Been Violated

In his Reply at pp. 7-9, 23-24, Appellant argues that the District Court failed to hold a hearing regarding intent, as required by the Due Process Clause. However, "[d]ue process requires that a party facing the assessment of costs and attorney fees have 'notice that such sanctions are being considered by the court and a subsequent opportunity to respond.  An opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements.'"  Porter Bridge Loan Co. v. Northrop, 566 F. App'x 753, 756 (10th Cir. 2014); In re M & L Bus. Mach. Co., Inc., 169 B.R. 711, 714 (D. Colo. 1994) (opportunity to brief fully a response satisfies due process requirements); Romala Corp. v. United States, 927 F.2d 1219, 1226-27 (Fed. Cir. 1991) ("[T]he right to a hearing …is limited to cases where a hearing would assist the court in its decision.").

In support of his argument, Appellant cites, for the first time in the Reply, Chambers v. NASCO, Inc., 501 U.S. 32 (1991) for the proposition that the District Court did not "comply with the law."  Reply, p. 9.  Appellant does not explain what "law" he contends was violated, but cites to pages 50-51 of the decision.  On

those pages, the Supreme Court explains that in exercising its inherent powers a court must comply with the mandates of due process, but nowhere indicates that due process requires a hearing before sanctions are levied. Id. at 50. Appellant fully briefed the issue (A73, A152) and, therefore, was heard and his due process rights were not violated.

### B. Rule 1.3 of the Rules of Professional Conduct Does Not Apply

Appellant argues that counsel for Appellees was under an obligation to inform Appellant when the settlement checks were issued, and by not doing so, Appellees' counsel violated Rule 1.3 of the Colorado Rules of Professional Conduct. Reply, p. 22.[1] Appellant mischaracterizes the Rule and its application in this matter. Rule 1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." Counsel for Appellees do not dispute the rule. However, counsel for Appellees are under no obligation to Appellant since Appellant is not their client.

It is undisputed that Appellees timely made the settlement payment pursuant to the terms of the Settlement Agreement. Therefore, counsel for Appellees complied with their professional obligations to their client (Appellees), and Appellees complied with their contractual obligations pursuant to the Settlement

---

[1] Appellant states in the Reply on page 22 that "Appellees also argue that Appellees and their counsel were under no obligation to inform Mr. Walker when Appellee provided the payment to Appellee's counsel. Appelles' [sic] argument ignores Rule 1.3 of the Colorado Rules of Professional Conduct."

Agreement.  Neither Appellees nor their counsel acted vexatiously when the undisputed evidence shows that the initial settlement payment was timely made.

In any event, despite not having any obligation to do so, counsel for Appellees did notify counsel for Appellant that the settlement checks were in hand shortly after receiving them.  A416.  Appellant's statement that the payment was "concealed" is simply incorrect.  Appellant Initial Br., p. 11; Reply, p. 21.

### C. Misstatements Regarding The Filing Of The Settlement Agreement

Appellant incorrectly states that Appellees argued that the Local Rule required the filing of the Settlement Agreement.  Reply, pp. 1, 9, 16-17 fn.6.  Appellees never made this argument, nor has Appellant cited to any record evidence to support its contention.  Rather, Appellees explained that the parties had to provide notice to the District Court that the parties had resolved the matter.  A122.  Importantly, the Settlement Agreement was not filed with Appellees' Notice, as suggested by Appellant.  Reply, p. 10.

The Settlement Agreement was subsequently filed based on Appellant's insistence that the matter was not resolved.  Appellees were seeking to have the Settlement Agreement enforced.[2]  Appellant opposed Appellees' filing of the

---

[2] A433.  The motion is not part of the appendix but, as can be seen in the docket sheet, the motion and the Settlement Agreement itself were filed on May 12, 2014 (Docket entries 144-148).

3

Settlement Agreement on the basis that "there are numerous issues left to be resolved in the case" and that "the parties have yet to agree on exactly what causes of action the [Settlement] Agreement encompasses, and the parties have yet to agree on the terms of any dismissal of this action. Still further, the Agreement sets forth certain conditions that have yet to be met by [Appellees]." A274-275. Accordingly, contrary to Appellant's argument in his Reply, Appellees filed the Settlement Agreement to request enforcement, and not because Appellees believed that the Local Rule required such a filing.

### D. New Cases Cited By Appellant

In the Reply, Appellant cites, for the first time, a number of new cases in support of his arguments. On p. 18, Appellant cites De Leon v. Marcos, 659 F.3d 1276 (10th Cir. 2011) and Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1274 (11th Cir. 2012) to support his position that the Settlement Agreement acted as a stipulation for dismissal. Neither case supports his position. In both cases, the parties filed a stipulation of dismissal, a fact not present in this case. As the District Court explained, "the [Settlement] Agreement itself does not act as a stipulation for dismissal." A88.

On p. 26, Appellant cites Broad. Music, Inc. v. M.T.S. Enterprises, Inc., 811 F.2d 278, 279 (5th Cir. 1987), Eitel v. McCool, 782 F.2d 1470, 1473 (9th Cir. 1986) and Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd, 503 F.2d 1193,

4

1199 (10th Cir. 1974) to support his position that the parties orally stipulated to dismissal on July 2, 2014. These cases do not support Appellant's position. In Broad. Music, when asked by the court, Appellee's counsel expressly affirmed that it was his intent to voluntarily dismiss claims against a certain defendant. See Broad. Music, Inc., 811 F.2d at 279 n.1. In Eitel, the parties agreed to dismissal, including the scope of the claims dismissed by each party. See Eitel, 782 F.2d at 1472, n.3. In Pipeliners Local, the parties "explicitly and unqualifiedly stipulate[d]" that claims were dismissed with prejudice.

The facts present in those cases are not present here. No affirmation regarding dismissal was ever provided. In fact, as explained in the Courtroom Minutes, the parties only agreed that the "case should be dismissed," but there were differences regarding the terms of dismissal. A60. Therefore, the parties did not stipulate to dismissal on July 2nd.

On p. 23, Appellant cites Shum v. Intel Corp., 629 F.3d 1360, 1366 (Fed. Cir. 2010) to support his position that he is the prevailing party. At issue in Shum was determination of the "prevailing party" pursuant to F.R.C.P. 54, which expressly refers to "the prevailing party." Accordingly, in Shum, determination of which party was the "prevailing party" was pertinent for determining an award. As explained in Appellees' Corrected Brief, fees were awarded based on the Court's

inherent and equitable powers. The "prevailing party" referenced in F.R.C.P. 54 is not relevant to the present appeal.

## CONCLUSION

For the reasons explained above, and in Appellees' Corrected Brief, the Final Judgment (A105-106) should be affirmed, and Appellees should be awarded costs and fees incurred in connection with this appeal, in amounts to be determined.

Date: November 30, 2015

*/s/ Ryan M. Corbett*
**BURR & FORMAN LLP**
Ryan M. Corbett, Esq.
201 N. Franklin Street, Suite 3200
Tampa, FL  33602
Telephone:   813- 221-2626
Facsimile:   813-221-7335
Email:       rcorbett@burr.com

*Counsel for Defendants-Appellees*
*Health International Corporation,*
*HSN, Inc., and HSN Interactive LLC*

# CERTIFICATE OF INTEREST

Counsel for appellees Health International Corporation, HSN, INC., and HSN Interactive, LLC certifies the following:

1. The full name of every party or amicus represented by me is: Appellees Health International Corporation, HSN, INC., and HSN Interactive, LLC

2. The name of the real party in interest (Please only include any real party in interest NOT identified in Question 3. below) represented by me is: Appellees Health International Corporation, HSN, INC., and HSN Interactive, LLC

3. All parent corporations and any publicly held companies that own 10 percent of the stock of the party or amicus curiae represented by me are listed below. (Please list each party or amicus curiae represented with the parent or publicly held company that owns 10 percent or more so they are distinguished separately.)

    HSN, Inc., a publicly held corporation, is the parent of HSN Interactive, LLC. Liberty Interactive Corporation, a publicly held corporation, owns 10% or more of the stock of HSN, Inc.

    Health International Corporation – None.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are: Mark W. Williams, Esq. and Angela R. Whitford of Sherman & Howard L.L.C., and William J. Schifino, Jr. Esq., Daniel P. Dietrich, Esq. and Ryan Corbett, Esq. of Burr & Forman, LLP.

　　　　　　　　　　　　　　　　*/s/ Ryan M. Corbett*
　　　　　　　　　　　　　　　　Ryan M. Corbett, Esq.

## **CERTIFICATE OF SERVICE**

I certify that on November 30, 2015, the foregoing was filed electronically using the CM/ECF system and served via the CM/ECF system on counsel for the other parties as follows:

>Ramon L. Pizarro
>3515 South Tamarac Drive, Suite 200
>Denver, Colorado 80237
>ramon@ramonpizarro.com

>*/s/ Ryan M. Corbett*
>Ryan M. Corbett, Esq.
>**BURR & FORMAN LLP**
>201 N. Franklin Street, Suite 3200
>Tampa, FL 33602
>Telephone: 813- 221-2626
>Facsimile: 813-221-7335
>Email: rcorbett@burr.com
>
>*Counsel for Defendants-Appellees Health International Corporation, HSN, Inc., and HSN Interactive LLC*